UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCUS LEON LINTHECOME, | ) | 1:11-cv-01020 AWI MJS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| | ) | (Doc. 1) |
| MAURICE JUNIOUS, et al., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts various claims regarding mistreatment and retaliation by prison staff. (Pet. at 3, ECF No. 1.) On June 8, 2011, two weeks prior to filing the present petition, Petitioner filed a complaint under 42 U.S.C. § 1983 alleging similar allegations. See Linthecome v. Junious, 1:11-cv-00923-AWI-SMS (E.D. Cal., June 8, 2011).

I.   **DISCUSSION**

   A.   **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus on its own motion under Rule 4, pursuant to the respondent's motion

to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.     Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner alleges that prison staff took actions to prevent Petitioner from mailing documents or filing papers with the court.

A writ of habeas corpus is not a proper vehicle to challenge conditions of confinement unrelated to the very fact or duration of confinement. See Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003) (quoting Preiser, 411 U.S. at 500). Conversely, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Ramirez, 334 F.3d at 855 (quoting Preiser, 411 U.S. at 499). In the present case, Petitioner is not challenging the fact or duration of his confinement, as he only challenges the actions of prison staff, which would not change the overall duration of his sentence.

Where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should

be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint. In this case, Petitioner has already filed a civil rights action alleging similar, if not the same, claims. To the extent Petitioner has alleged claims in the present petition that are not included in his civil rights complaint, Petitioner may amend the complaint or file another civil rights complaint alleging such claims.

## II.  **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that:

1.) The habeas corpus petition be DISMISSED for failure to state a cognizable claim; and

2.) The Clerk of Court be DIRECTED to enter judgment and close the case.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 26, 2011            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE